UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRANGE CONSULTING GROUP and PAUL PARMAR,<br><br>*Plaintiffs*,<br><br>v.<br><br>DAVID BERGSTEIN, al.,<br><br>*Defendants*. | Civil Action No. 13-cv-06768 (PGS)<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a Motion to Dismiss the complaint ("Complaint" or "Compl.") brought by Defendants Alex Weingarten and Weingarten Brown, LLP (collectively "Weingarten") (ECF 7). The Court has jurisdiction over the matter based on the diversity of the parties. *See* 28 U.S.C. § 1332.

I.

Weingarten argues that plaintiffs' claims against it are barred by the absolute litigation privilege. In order to determine that issue, the Court must review the Complaint. The Complaint outlines a long and bitter dispute over monies allegedly owed Plaintiff Parmar ("Parmar") by Defendant Bergstein ("Bergstein") and entities associated with him. In two separate instances identified in the Complaint, Weingarten is alleged to be "an attorney and law firm representing Bergstein and his companies [who] unlawfully aided and abetted the fraud perpetrated against Parmar." (Compl. at ¶ 7.) The first instance allegedly arose out of Parmar's September 27, 2012 filing of a notice of withdrawal of a civil action then pending in New Jersey state court. (Compl. at ¶ 112.) Immediately thereafter, Weingarten filed a motion for sanctions against Parmar, wherein

approximately $200,000 was awarded by the Court. (Compl. at ¶ 114). Parmar alleges that "with the help of [Weingarten] and his firm, Defendant Bergstein reneged on the oral promises to pursue settlement and sandbagged Parmar with a sanctions motion." (Compl. at ¶ 113.)

In the second instance, commencing in February, 2012, Weingarten communicated with the Saiber law firm ("Saiber") about monies amounting to $2.2 million that Saiber held in trust for Parmar. (Compl. at ¶ 131.) In a letter, Weingarten positioned that his client did not grant permission to Saiber to disburse the funds to Parmar. (Compl. at ¶ 132-33) on the ground that Parmar had "tortuously interfered with [his client's] ability to control the remaining asset." (Compl. at ¶ 134.) Saiber responded by asserting that Weingarten should seek injunctive relief, as Saiber anticipated that it would release the funds to Parmar in the near future. Privately, Saiber advised Parmar that the funds would not be released until the issue raised by Weingarten was resolved. (Compl. at ¶ 144.) In order to receive the funds in trust, Parmar capitulated to Bergstein's demand in order to have Saiber release the funds. Parmar now alleges Weingarten's letter to Saiber and related actions "aided and abetted fraud." (Compl. at ¶ 146.)

II.

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief,

not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S.Ct. 1091 (2001). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949; *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir.1997). "The pleader is required to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir.1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d ' 1357 at 340). The Supreme Court has recently held that " [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds of his entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . . *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); *see also Iqbal*, 129 S. Ct. at 1949-50. More importantly under the circumstances of the instant matter, however, an affirmative defense may be asserted in order to have a case dismissed.

III.

Weingarten argues that the litigation privilege trumps Parmar's claims. The litigation privilege in New Jersey is broad. *Giles v. Phelan, Hallinan & Schmieg, L.L.P*, 901 F. Supp. 2d 509 (D.N.J. 2012). Chief Judge Simandle efficiently and coherently summarized the substance of the privilege:

The New Jersey litigation privilege ensures that "[s]tatements by attorneys, parties and their representatives made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability." *Peterson v. Ballard*, 292 N.J. Super. 575, 679 A.2d 657, 659 (N.J. Super. Ct. App. Div. 1996) (citing *Erickson v. Marsh & McLennan Co., Inc.*, 117 N.J. 539, 569 A.2d 793 (1990)). The privilege is expansive. New Jersey courts "have extended the reach of the litigation privilege even to statements made by attorneys outside the courtroom, such as in attorney interviews and settlement negotiations." *Loigman v. Twp. Comm. of Twp. of Middletown*, 185 N.J. 566, 889 A.2d 426, 433 (2006), 889 A.2d at 438. The privilege has four elements. It applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Hawkins v. Harris*, 141 N.J. 207, 661 A.2d 284, 289 (1995) (internal citation omitted).

The litigation privilege is well-established and broadly applicable. *Loigman*, 889 A.2d at 435-37. "In New Jersey, the litigation privilege protects attorneys not only from defamation actions, but also from a host of other tort-related claims." *Id.* at 436. The New Jersey Supreme Court has noted, "If the policy, which in defamation actions affords an absolute privilege or immunity to statements made in judicial and quasi-judicial proceedings, is really to mean anything then we must not permit its circumvention by affording an almost equally unrestricted action under a different label." *Rainier's Dairies v. Raritan Valley Farms*, 19 N.J. 552, 117 A.2d 889, 895 (1955), cited with approval by *Loigman*, 889 A.2d at 436. Consequently, New Jersey courts have applied the litigation privilege to intentional and negligent infliction of emotional distress, see e.g., *Rabinowitz v. Wahrenberger*, 406 N.J. Super. 126, 966 A.2d 1091 (N.J. Super. Ct. App. Div. 2009), material misrepresentation, *Commercial Ins. Co. of Newark v. Steiger*, 395 N.J. Super. 109, 928 A.2d 126 (2007), and negligent misrepresentation, fraud, and malicious interference with prospective economic advantage, *Ruberton v. Gabage*, 280 N.J. Super. 125, 654 A.2d 1002 (1995). In *Loigman*, the New Jersey Supreme Court noted that "[t]he spectrum of legal theories to which the privilege has been applied includes negligence, breach of confidentiality, abuse of process, intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of

privacy, civil conspiracy, interference with contractual or advantageous business relations, and fraud." *Loigman* 889 A.2d at 436 (internal citation omitted).

The Court will apply the standard set forth above in weighing the conduct of Weingarten as alleged by Parmar. In the first instance, Weingarten, on behalf of its client, moved for sanctions in the Superior Court of New Jersey. As the above quoted language states, the litigation privilege extends to all aspects of litigation which would include a motion for sanctions. As a result, the litigation privilege bars any action based on a motion for sanctions. Here, Weingarten's filing a motion for sanctions is protected by the litigation privilege and, therefore, plaintiffs' claims arising from the same is barred as a matter of law.

In the second instance, Weingarten communicated with Saiber regarding funds held in trust. The court finds such a communication to be akin to a pre-litigation letter or demand letter. Notbaly, Saiber replied to Weingarten's letter by advising Weingarten to seek an injunction - more or less and invitation to litigation. In fact, it is "recognized that an absolute privilege attaches to communications by attorneys that have some reference to either pending or proposed litigation" *Kanengiser v. Kanengiser*, 248 N.J. Super. 318 , 330 (Law Div. 1991). Although the matter was resolved without litigation, such litigation was "proposed" by Saiber. In addition, "pre-litigation demand letters seeking resolution of a dispute before filing suit are likewise protected." *Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, (D.N.J. 2009). The Weingarten letters are consistent within this principle. Accordingly, the litigation privilege applies, and plaintiffs' claims against Weingarten must fail as a matter of law.

IV.

There are a number of other counts that seek relief against "the defendants" without identifying the offending actions of a particular defendant. As to Weingarten, the Court construes the Complaint as alleging liability on the part of Weingarten on the basis of the facts set forth above. As such, the Complaint as a whole is dismissed against Weingarten on the ground that the plaintiffs' claims are barred by the litigation privilege.

## ORDER

This matter having come before the Court on a Motion to Dismiss brought by Defendants Alex Weingarten and Weingarten Brown, LLP; and the Court having reviewed the submissions of the parties; and for the reasons set forth above; and for good cause shown;

IT IS on this 16th day of October, 2014,

ORDERED that Weingarten's motion (ECF 7) is GRANTED.

_____
PETER G. SHERIDAN, U.S.D.J.