UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRANGE CONSULTING GROUP and PAUL PARMAR,<br><br>*Plaintiff*,<br><br>v.<br><br>DAVID BERGSTEIN, al.,<br><br>*Defendants*. | Civil Action No. 13-cv-06768 (PGS)<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's motion to strike affidavits and exhibits filed as reply papers by Alex M. Weingarten and Weingarten Brown, LLP (hereinafter "Weingarten") in support of their Fed. R. Civ. P. Rule 11 motion against Plaintiffs and Plaintiff's attorneys (ECF No. 42). Defendant Weingarten cross-moves for sanctions against Plaintiffs and their counsel in accordance with Fed. R. Civ. P. 11*(c)(2)*. (ECF No. 31).

I.

The Court first reviews Defendant Weingarten's motion for sanctions and imposing an amount equal to Weingarten's attorney's fees. The Third Circuit has cautioned that the court should impose sanctions only "in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)); *see also Morristown Daily Record, Inc. v. Graphic Comm's Union Local 8N*, 832 F.2d 31, 32 n.1 (3d Cir. 1987) ("Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation. Rule 11 is instead reserved for only exceptional circumstances."). Furthermore,

even in those "exceptional circumstances" the court may, but is not required to impose sanctions. *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (*citing Doering*, 857 F.2d at 194). When the court examines the sufficiency of the inquiry into the facts and law, it must "avoid drawing on the wisdom of hindsight and should test the signer's conduct by determining what was reasonable when the document was submitted." *Garr v. U.S. Healthcare*, 22 F.3d 1274, 1279 (citing *Bradgate Assocs. V. Fellows, Read & Assocs.*, 999 F.2d 745, 752 (3d Cir. 1993). Therefore, "if under an objective standard, the signer made a reasonable inquiry both as to the fact[s] and the law at the time a document was submitted, subsequent developments showing that the signer's position was incorrect will not subject the signer to Rule 11 sanctions for having submitted a document." *Garr*, 22 F.3d at 1279.

Here, the claim against Weingarten does not meet the "patently unmeritorious" standard; and moreover, Rule 11 is most often used in exceptional circumstances which, which are not present here. In this case, the parties disagree on all of the issues – nothing more than what happens in most cases! Therefore, sanctions are denied.

II.

There is a motion to strike the affidavits and exhibits filed as reply papers by Weingarten. Although the Court usually addresses a motion to dismiss based on documents submitted with the pleadings, there are times when the Court may rely on other documents. "To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint." S. *Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181F.3d410, 426 (3d Cir. 1999). "Courts have defined a public record, for purposes of what properly may be considered on a motion to dismiss, to include criminal case dispositions such as convictions or mistrials, letter decisions of government agencies, and published reports of

administrative bodies." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) (internal citations omitted). In addition, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiffs' claims are based on the document." *Id.* at 1196. The Court relied on pleadings and documents from other litigation. This conforms with the Court Rules. As such, the motion to strike is denied.

ORDER

This matter having come before the Court on a Plaintiff's motion and Defendant Weingarten's cross-motion; for the reasons set forth above;

IT IS on this 14th day of October, 2014;

ORDERED Plaintiff's motion to strike affidavits and exhibits filed as reply papers by Alex M. Weingarten and Weingarten Brown, LLP (ECF No. 42) is denied; and it is further

ORDERED that Defendant Weingarten's cross-motion for sanctions (ECF No. 31) is denied.

_____
PETER G. SHERIDAN, U.S.D.J.