UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRANGE CONSULTING GROUP and PAUL PARMAR,<br><br>*Plaintiff,*<br><br>v.<br><br>DAVID BERGSTEIN, PINEBOARD HOLDINGS, INC., ROBERT B. SILVERMAN, ALBERT HALLAC, JEFFREY HALLAC, LAWRENCE TWERSKY, WESTON CAPITAL MANAGEMENT LLC, SOVRIN HEALTH SYSTEMS, INC., ALEX M. WEINGARTEN and WEINGARTEN BROWN LLP<br><br>*Defendants.* | Civil Action Entry 13-cv-06768 (PGS)<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a motion to dismiss for lack of jurisdiction brought by Defendants Pineboard Holdings, Inc. ("Pineboard"), and Lawrence Twersky ("Twersky") (together "Defendants") (Dkt. Entry 20). Defendants assert that the Complaint should be dismissed as to Twersky for lack of personal jurisdiction, and dismissed for lack of subject matter jurisdiction as to both Pineboard and Twersky. This action arises out of a Purchase Agreement and Amendment (together the "Amended Purchase Agreement") for the sale to Pineboard of all assets of MD Tablet, LLC ("MD Tablet"), an affiliated health care asset owned by Plaintiff Paul Parmar ("Parmar" or, together with Grange Consulting Group, "Plaintiffs") and his associated entities, including Pegasus Blue Star Fund and General Health Technologies, LLC. In two previous related actions, the New Jersey Superior Court dismissed both actions and entered approximately $200,000 in sanctions against Plaintiffs for frivolous litigation.

In this case, Plaintiffs allege claims against Twersky for aiding and abetting economic duress, misappropriation of trade secrets and tortious interference with a contract. With respect to the issue of personal jurisdiction, Twersky asserts that he never had "continuous and systemic" contacts with New Jersey to exercise general jurisdiction over him, nor even the minimum contacts required for the Court to have specific jurisdiction. (Dkt. Entry 20-1 at 1).

According to the Complaint, Twersky lives in Los Angeles, California. (Dkt. Entry 1 at ¶ 1). On May 2 and 3, 2012, Twersky and Mr. Silverman traveled to Plaintiffs' offices in New Brunswick, New Jersey "to oversee" the removal of MD Tablet computers that were part of a Pineboard Holdings Inc. Purchase Agreement. (Dkt. Entry 1 at ¶¶ 78, 79). According to the Affidavit of David Bernstein, Twersky was retained by Pineboard to identify and deliver the computer equipment to Pineboard's offices in California. During removal of the MD Tablet computers, Twersky and Silverman also seized control of computers owned by Grange Consulting Group and Parmar. (Dkt. Entry 1 at ¶ 87). At that time, Twersky and Silverman demanded that Grishma Gangar ("Ms. Gangar") (an independent contractor or employee working for Grange) provide the passwords and log-in information for the computers, and threatened that they would report Ms. Gangar to immigration officials and fire her if she did not provide the information. (Dkt. Entry 1 at ¶¶ 91-96).

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a complaint may be dismissed for lack of personal jurisdiction. "if an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). "To meet this burden, the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic contacts' with the forum state ('general jurisdiction')." *Provident Nat'l Bank v. CA Fed. Sav. & Loan Assn.*, 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted). Under Federal Rule of Civil Procedure 4(k), "a federal district court may assert personal jurisdiction over a nonresident of the state in which the

II.

With respect to the issue of subject matter jurisdiction, Defendants argue that Plaintiffs' claims against Pineboard and Twersky all fall within the scope of the mandatory arbitration provisions contained in the Amended Purchase Agreement, and should, therefore, be dismissed, or stayed, pending arbitration. As such, the motion is considered one to compel arbitration.

According to Defendants, the Amended Purchase Agreement clarifies that the assets purchased by Pineboard include:

> "all assets and properties of MD Tablet, including . . . all underlying software licenses, intellectual property, trade secrets, confidential information, accounts receivable, deposits, leases, hardware, furniture, fixtures, equipment, customer lists, and the Patient Portal, MD Tablet and all other proprietary software, templates, modules, customization and components developed by any Seller or any Affiliate at any time within the ten (10) years immediately prior to the Effective Date which involves or relates to medical information technology.

From a review of the Complaint, Plaintiffs sue Pineboard for misappropriation of trade secrets which include medical information and technology. Within the Complaint, Plaintiffs categorize the information seized by Pineboard as "business data compilations, programs, methods, techniques, plans and procedures for medical data and information. (Dkt. Entry 1 at ¶ 55). In comparing the language of the Complaint to the provision within the Amended Purchase Agreement, the Complaint involves the same assets as identified in the Amended Purchase Agreement. The Amended Purchase Agreement provides that such disputes will be resolved by arbitration so long as one of the parties requests same. Section 5.16 of the Purchase Agreement provides, in relevant part:

> Mandatory Arbitration, Waiver of Jury Trial. At the request of either party, any dispute, claim or controversy of any kind (whether in contract or tort, statutory or common law, legal or equitable) now existing or hereafter arising between the parties and in any way arising out of, pertaining to or in connection with: (1) this

> Agreement, and/or any renewals, extensions, or amendments thereto; (2) any of the agreements entered into among the parties as contemplated hereby, including the Parmar Agreement, (3) any violation of this Agreement; (4) all past, present and future dealing between the parties respecting the transactions contemplated by this Agreement, (5) any incidents, omissions, acts, practices or occurrences arising out of or related to this Agreement causing injury to either party whereby the other party or its agents, employees or representatives may be liable, in whole or in part, or (6) any aspect of the present or future relationships of the parties, will be resolved through final and binding arbitration conducted at a location determined by the arbitrator in the State of California, and administered by the American Arbitration Association ("AAA") in accordance with the then existing Commercial Rules of the AAA. Judgment upon any award rendered by the arbitrator(s) may be entered in any state or federal courts having jurisdiction thereof.

Defendants argue that the matter should be resolved through arbitration. Plaintiffs disagree, and argue that the contract is unconscionable which Plaintiffs contend is a question of law for the Court to decide initially. That is, it is a gateway issue to be resolved prior to determining whether arbitration should take place. See, *Sutter v. Oxford Health*, 675 F. 3d 215 (3d Cir. 2012) cert. granted 133 S. Ct. 786 (2012).

Despite the Plaintiff's contention that the unconscionability argument is a gateway issue, the Court usually looks to the more narrow issue of whether there is a challenge to the arbitration clause itself. *Gay v. CreditInform*, 511 F.3d 369, 386 (3d Cir. 2007). "Accordingly, to defeat [a] motion to compel arbitration, plaintiff must show that the arbitration agreement itself, and not the contract in general, is unconscionable and, therefore, unenforceable." *Tantillo v. CitiFinancial Retail Services, Inc.*, 2013 WL 622147, at *6 (D.N.J. Feb. 19, 2013) (quotation and citation omitted); *see also, e.g., Doug Brady, Inc. v. New Jersey Building Laborers Statewide Funds*, 2009 WL 349147, at *2 (D.N.J. Feb. 11, 2009) ("only narrow challenges to the arbitration provisions may be considered by the courts in the first instance; all other challenges to contracts containing arbitration agreements must first be considered by the arbitrator") (citing *Buckeye Check Cashing*, 546 U.S. at 444; *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18

L.Ed.2d 1270 (1967); *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)). Here, the narrower issue does not raise an issue about the unconscionability so as to require that the Court vacate the arbitration provision. Therefore the matter against Pineboard is hereby referred to arbitration.

## ORDER

This matter having come before the Court on a motion to dismiss brought by Defendants Pineboard Holdings, Inc., and Lawrence Twersky (Dkt. Entry 20), and the Court having reviewed the submissions of the parties; and for good cause shown;

IT IS on this 22nd day of October, 2014;

ORDERED that motion to dismiss the Complaint against Twersky for lack of personal jurisdiction is granted (Dkt. Entry 20); and it is further

ORDERED that the motion to compel arbitration by Pineboard is granted, and the case is administratively terminated during the pendency of arbitration. (Dkt. Entry 20).

_____
PETER G. SHERIDAN, U.S.D.J.