UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRANGE CONSULTING GROUP and PAUL PARMAR,<br><br>*Plaintiff,*<br><br>v.<br><br>DAVID BERGSTEIN, PINEBOARD HOLDINGS, INC., ROBERT B. SILVERMAN, ALBERT HALLAC, JEFFREY HALLAC, LAWRENCE TWERSKY, WESTON CAPITAL MANAGEMENT LLC, SOVRIN HEALTH SYSTEMS, INC., ALEX M. WEINGARTEN and WEINGARTEN BROWN LLP<br><br>*Defendants.* | Civil Action Entry 13-cv-06768 (PGS)<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a motion to dismiss the Complaint for lack of personal jurisdiction, or alternatively, to compel arbitration, brought by Defendant Sovrin Health Systems, Inc. ("Sovrin") (Dkt. Entry 22). In this case, Plaintiffs allege claims against Sovrin for misappropriation of trade secrets. Sovrin asserts that it never had "continuous and systemic" contacts with New Jersey to exercise general jurisdiction over it, nor even had minimum contacts required for the Court to have specific jurisdiction. For the reasons set forth below, the motion to dismiss for lack of jurisdiction is granted[1].

---

[1] As such, the alternative motion is not discussed herein.

I.

In September, 2011, Pegasus Blue Star Fund ("Pegasus"), an entity controlled by Paul Parmar ("Parmar"), sold the assets of MD Tablet, Inc. ("MD Tablet") to Pineboard Holdings, Inc. ("Pineboard"). The computer servers of MD Tablet were located in Parmar's office in East Brunswick, New Jersey. In May, 2012, Lawrence Twersky ("Twersky") (the CEO of Sovrin) appeared at Parmar's office in order to identify and gather the computer servers of MD Tablet. During removal of the MD Tablet computers, Twersky seized control of computers owned by Grange Consulting Group and Parmar. (See Memorandum and Order at Dkt. Entry 35).

Sovrin is incorporated in the State of Delaware, and is located in Los Angeles California. According to the President of Sovrin, Kia Jam, Sovrin has never had a presence in New Jersey. Sovrin has never conducted or transacted business in New Jersey, and has never sold any product or service in New Jersey. The computer equipment that was taken from Parmar's office was sent to Sovrin's offices in Glendale, California.

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a complaint may be dismissed for lack of personal jurisdiction. "if an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin,* 499 F.3d 290, 295-96 (3d Cir. 2007). "To meet this burden, the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic contacts' with the forum state ('general jurisdiction')." *Provident Nat'l Bank v. CA Fed. Sav. & Loan Assn.,* 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted). Under Federal Rule of Civil Procedure 4(k), "a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id.* at 296 (quoting *Provident Nat'l Bank,* 819 F.2d at 437). Pursuant to the New Jersey long-arm rule, N.J. Court R. 4:4-4(c), personal

jurisdiction in New Jersey "extends to the limits of the Fourteenth Amendment Due Process protection." *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 145 (3d Cir. 1992). Therefore, this Court is "constrained, under New Jersey's long-arm rule, only by the 'traditional notions of fair play and substantial justice,' inhering in the Due Process Clause of the Constitution." *Id.* (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). Those notions require that a defendant have certain minimum contacts with the forum state based upon the defendant's own purposeful availment "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985). Unilateral activity on the part of the Plaintiff will not cause the defendant to be subject to personal jurisdiction in that forum. *Id.* However, physical entry into the forum state is not necessary to maintain personal jurisdiction over a defendant. *Id.* at 476. While a presence in the forum will only serve to enhance a defendant's affiliation therewith and serve to reinforce foreseeability of suit therein, "it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." *Id.* All that is necessary for sufficient minimum contacts to be established in the forum state is for "a commercial actor's efforts [to be] 'purposefully directed' toward residents of another State." *Id.*

In this case, Sovrin's one visit to New Jersey to identify and gather computers of MD Tablet is insufficient to meet the continuous and systemic contacts to exercise general jurisdiction, or the minimum contacts necessary to exercise specific jurisdiction over it. Combining Sovrin and Twersky's activities together does not meet the standard to assert jurisdiction over Sovrin. The connections to New Jersey, if any, are remote and speculative.

ORDER

This matter having come before the Court on a motion to dismiss brought by Defendant Sovrin Health Systems (Dkt. Entry 20), and the Court having reviewed the submissions of the parties; and for good cause shown;

IT IS on this 22nd day of October, 2014;

ORDERED that motion to dismiss the Complaint against for lack of personal jurisdiction is granted (Dkt. Entry 22).

PETER G. SHERIDAN, U.S.D.J.